# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re:  Case No. 09-11503-DHW
 Chapter 13
JUAN E. GONZALEZ,
JULIE B. GONZALEZ,

    Debtors.

## AMENDED MEMORANDUM OPINION

Before the court is the debtors' objection to the claim of Chase Home Finance, LLC (hereinafter "Chase"). The claim represents a shortage in the debtors' mortgage escrow account together with Chase's attorney's fee. For the following reasons, the court concludes that the debtors' objection to Chase's claim must be sustained.

### Jurisdiction

The court's jurisdiction in this dispute is derived from 28 U.S.C. § 1334 and from an order of the United States District Court for this district wherein that court's jurisdiction in title 11 matters was referred to the Bankruptcy Court. *See* General Order of Reference of Bankruptcy Matters (M.D. Ala. Apr. 25, 1985). Further, because an objection to claim is at issue here, this court's jurisdiction is extended to the entry of a final order or judgment pursuant to 28 U.S.C. § 157(b)(2)(B).

### Undisputed Facts

On July 31, 2009, Juan E. Gonzalez and Julie B. Gonzalez filed a joint chapter 13 petition for relief in this court. Their plan was confirmed on November 23, 2009.

Chase holds a mortgage on the debtors' home. At the time of the bankruptcy, the debtors were not in default with any payment to Chase, and their confirmed plan provided that they would pay Chase directly for all post-petition installment payments in accord with the parties' contract.

Under the note given by the debtors to Chase, Chase was entitled to reasonable and customary attorney fees if the borrowers (1) defaulted by failing to pay any installment in full in the month due and (2) the lender accelerated the debt. *See*, Note, Para. 6(B) and 6(C).

On September 24, 2009, Chase filed a proof of claim in the amount of $415.79. That claim was comprised of $115.79, representing a shortage in the escrow account as of the petition date, and $300.00 in attorney's fees associated with counsel's review of the plan and filing a claim.

Conclusions of Law

Under 11 U.S.C. § 1322(b)(3), a chapter 13 plan may provide for the cure of any default. It is undisputed that as of the date of bankruptcy, the debtors were current with mortgage payments to Chase. Having been current with all of their payments, it follows that there was no default under that note and mortgage which was subject to a cure.

Further, the debtors' plan provided that they would pay all post-petition mortgage payments to Chase in accordance with the contract. That contract permitted Chase to periodically adjust the debtors' monthly mortgage payment as a result of an overage or shortage in the escrow account. In the event of an escrow shortage, Chase was authorized to prospectively increase the amount of monthly installments. Instead of remedying the escrow shortage in the manner provided by the contract, Chase seeks improperly to collect this amount through payments under the plan but contra to the provisions of the confirmed plan. Chase and debtors are bound to the terms of the confirmed plan pursuant to 11 U.S.C. § 1327(a). Hence, the portion of Chase's claim representing escrow account shortage is improper under this plan.[1]

Having found that the escrow account shortage component of the claim was improper, the court turns its consideration to the attorney fee component of the claim.

---

[1] Adjustments of post-petition mortgage payment amounts in order to remedy escrow imbalances are encouraged in this district and are dealt with outside the claims process. One local bankruptcy rule provides:
    (a) After confirmation of the debtor's plan in a case under Chapter 13, a secured party
        may take the following action without seeking relief from the automatic stay:
      (2) send a nonthreatening written notice of payments due, *of changes in the*
        *amount of payments due, ...*
LBR 4001-2(a)(2) (emphasis added)

An over-secured creditor is entitled to reasonable attorney fees if such fees were authorized by the parties' agreement. The statute provides:

> "(b) To the extent that an allowed secured claim is secured by the value of which ... is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs or charges provided for under the agreement or State statute under which such claim arose."

11 U.S.C. § 506(b).

Under the parties' contract in this case, attorney fees are allowed when two conditions are conjunctively satisfied. The parties' note provides for reasonable attorney fees when (1) the borrower defaults by failing to pay any installment in full in the month due, and (2) the lender accelerates the debt. As noted, the debtors had, as of the time of bankruptcy, fully paid all installments, and there is no evidence that Chase accelerated the debt. Accordingly, it follows that since neither of the events authorizing attorney fees have been triggered here, the portion of Chase's claim for attorney fees is not proper.

## Conclusion

For the foregoing reasons, a separate order will enter sustaining the debtors' objection to Chase's claim, and the claim will be disallowed *in toto*.

Done this 15th day of April, 2010.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtors
   Michael Brock, Attorney for Debtors
   Steven J. Shaw, Attorney for Chase
   Curtis C. Reding, Trustee